IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEROY HENDERSON, (TDCJ-ID #834622) | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-12-0259 |
| RICK THALER, | § § § | |
| Respondent. | § § | |

## MEMORANDUM AND OPINION

The petitioner, Leroy Henderson, is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Henderson seeks a writ of habeas corpus to challenge a state court conviction under 28 U.S.C. § 2254, and he has filed a memorandum in support of his petition. (Docket Entry No. 2).

After reviewing the pleadings, Henderson's litigation history, and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court concludes that this case must be dismissed for reasons set forth below.

**I.    Background**

On June 25, 1998, Henderson was convicted in Cause Number 763936, of aggravated sexual assault of a child. (Docket Entry No. 1, Federal Petition, p. 2). Court records reflect that Henderson was also convicted in a related case (Cause Number 763935) of sexual assault involving a different child. Following a joint trial of those charges, a jury in the 263rd District Court of Harris County, Texas, found Henderson guilty and sentenced him to serve concurrent terms of 50 and 20 years' imprisonment, respectively. Both convictions were affirmed on direct appeal in an unpublished

opinion. *See Henderson v. State*, Nos. 14-98-00763-CR & 14-98-00764-CR (Tex. App. — Houston [14th Dist.] March 2, 2000, pet. ref'd). Henderson challenges the validity of his conviction in Cause Number 763936.

In this federal habeas petition, filed on January 24, 2012, Henderson contends that he is entitled to relief because he was denied effective assistance of counsel at trial and during his appeal. Second, Henderson claims that he was denied due process because the prosecutor failed to disclose exculpatory evidence. Finally, he asserts that he is actually innocent of the offense.

Henderson initially sought habeas corpus relief only from his conviction for sexual assault in Cause Number 763936. *See Henderson v. Quarterman*, Civil Action No. H-05-0103 (S.D. Tex.). On July 13, 2005, this court granted the respondent's motion for summary judgment in that case, dismissing the petition with prejudice as barred by the governing one-year statute of limitations. Henderson did not file an appeal.

Henderson filed a second federal habeas application on February 22, 2006, challenging his convictions in Cause Numbers 763935 and 763936. *See Henderson v. Quarterman*, Civil Action No. H-06-0605 (S.D. Tex.). This court granted the respondent's motion to dismiss that case, noting that Henderson's challenge to the conviction in Cause Number 763936 was successive. This court also found that Henderson's challenge to the conviction in Cause Number 763935 was barred by the governing one-year statute of limitations. Henderson did not file an appeal from that decision.

Henderson filed a third federal habeas corpus petition on March 3, 2009, challenging only the conviction in Cause Number 763936. This court dismissed that petition summarily as an unauthorized successive petition. *Henderson v. Quarterman*, Civil Action No. H-09-0644 (S.D. Tex.

2

March 16, 2009). The Fifth Circuit denied Henderson's petition for a certificate of appealability from that decision. *See Henderson v. Quarterman*, No. 09-20189 (5th Cir. Sept. 9, 2009).

Henderson filed a fourth federal habeas corpus petition on June 17, 2011, challenging only the conviction in Cause Number 763936. This court dismissed that petition summarily as an unauthorized successive petition. *Henderson v. Quarterman*, Civil Action No. H-11-2324 (S.D. Tex. July 5, 2011).

As discussed more fully below, the instant petition is subject to dismissal for lack of jurisdiction.

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). Before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or

3

(2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Court records reflect that Henderson has asserted claims of ineffective-assistance, prosecutorial misconduct, and actual innocence in more than one prior federal habeas corpus petition. *See Henderson v. Quarterman*, Civil Action No. H-05-103 (S.D. Tex.); *Henderson v. Quarterman*, Civil Action No. H-06-0605 (S.D. Tex.); *see also Henderson v. Quarterman*, Civil Action No. H-09-0644 (S.D. Tex.). The court concludes that the pending petition qualifies as a successive writ application for purposes of § 2244(b)(3)(A). The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent the requisite authorization from the Fifth Circuit, this court lacks jurisdiction over the petition. *Id.* at 775. This proceeding is dismissed.

### III. Conclusion

Henderson's federal petition is DISMISSED without prejudice because this court lacks jurisdiction to consider his successive petition. Henderson's constructive motion to proceed *in forma pauperis*, (Docket Entry No. 1), is GRANTED. Henderson's motion for the appointment of counsel, (Docket Entry No. 3), is DENIED as moot. Any remaining pending motions are DENIED as moot.

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed. *See* 28 U.S.C. § 2253; *see Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

SIGNED at Houston, Texas, on Feb 2, 2012.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE